

FILED
FEB 11 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATE DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

**JOSEPH L. BOYKIN**

Plaintiff

v.                                                                                                  Case No. 3:14cv811

**VIRGINIA DEPARTMENT OF JUVENILE JUSTICE, ET AL.**

Defendants

## MOTION APPLICATION DENYING DEFENDANTS MOTION TO DISMISS

Plaintiff Joseph L. Boykin respectfully request that the defendants Motion to Dismiss be denied and relief order in favor of Plaintiff or a Federal Standard fact finding hearing date set and/or trail date set. Plaintiff Joseph L. Boykin, appearing pro se will be requesting the appointment of counsel. I am at a distinct disadvantage arguing law with the Commonwealth of Virginia Attorney General Office. Additionally, navigating through the various State Rules of Civil Process and Federal Rules of Civil Procedure is in itself unfair.

In consideration of the undisputed Facts, Questions for the Court, Assignment of Errors, Case Study and Witnesses I will present in this matter, I ask that the Defendants be held accountable.

Defense 1. Plaintiff named Beaumont Juvenile Correctional Center as a separate defendant.

Plaintiff Response. As a matter of record the Department of Juvenile Justice (DJJ) and Beaumont Juvenile Correctional Center (BJCC) are named as Defendants. Whether or not DJJ and Beaumont can be held accountable as a separate entity can be addressed at an examination of the facts and Federal Law which is litigated through to trial. Federal Civil Rights Acts 3d.14:68 by Rodney A. Smolla-Observing that municipal defenses, including assertions of sovereign immunity, to a federal cause of action are controlled by federal law, Howlett v. Rose. Plaintiff request that Defendants Motion to Dismiss for this reason be denied.

Defense 2. It is not clear whether Block, Gooch, Tignor, Parrish, Dockery, Grubich and Johnson have been sued in their individual capacities, or only in their official capacities.

2.

Plaintiff Response. Consistent with Federal Practice Manual 8.2 Standards these individuals are being sued in their individual capacity and their official capacity [Ref. Complaint 1. Grounds for jurisdiction]. Plaintiff request that the Defendants Motion to Dismiss for this reason be denied.

Defense 3. Gooch, Grubich and Dockery are no longer employees and have not been properly served in their individual capacities.

Plaintiff Response. I request that the Defendants Motion to Dismiss for this reason be denied. At the time of the discriminatory acts these individual were acting in their official capacity. Whether or not these individual stepped outside the range and scope of their duties can be examined at trial. Service of Notice can be processed where the employment record is maintained [Ref. Complaint 1. Grounds for jurisdiction]. Additionally, consider the Virginia Retirement System has a forwarding address for these individual and greater resources. I have Proof of Service and Process and Return from the United States Marshals Service.

Plaintiff Joseph L. Boykin will answer each Defendant claims by respectfully request an examination of facts. Defendants seek to dismiss my case by arguing who was served properly and whether served in their individual or official capacities. Defendants also seek to dismiss my case by arguing away my EDR fact finding Grievances. The Defendants purpose and intent here is to circumvent a Federal investigation into discriminatory disparate acts and possible criminal acts (false arrest) by the Department of Juvenile Justice. Plaintiffs Beaumont Juvenile Correctional Center Grievances sanctioned by the Commonwealth of Virginia Employment Dispute Resolution (EDR) details (deliberately omitted) criminal evidence that would have proven Plaintiff innocent of assault and battery of an inmate. Approximately 25 pages of claims and only skimming the surface in examining the actions of DJJ in arresting Plaintiff for exercising his duties as a Correctional Officer.

Fact:   Plaintiff Senior Juvenile Correctional Officer Joseph Boykin is the only officer within his 16 year career to ever go to trial at Powhatan Circuit Court for allegedly assaulting an inmate.

The Defendants violated Fed. R. Civ. P. Rule 8(b)- state in short and plain terms its defenses to each claim asserted and admit or deny the allegations asserted against it. Additionally, Defendants 25 page legal brief in support of their claims is very confusing. Example: Defendants page 8 numbered IV Argument has a subheading A and B then jumps to number 1 on page 10.  It is not clear whether or not

the Plaintiff is required to respond to the claims contained in the arguments or are they just their arguments. Interestingly the Defendants do not mention my state EDR grievance dated November 29, 2012 which is titled False Arrest. Fact: On November 28, 2012 I was arrested for assault and battery and I filed an Employment Dispute Resolution Grievance on November 29, 2012. I had justifiable cause to immediately file a State Grievance. Plaintiff Commonwealth of Virginia Employment Dispute Resolution (EDR) Grievance was deliberately not considered in the criminal matter even after I advised. Significant to note is that the Defendants mention that Lt. Johnson advised me "to back off" implying that I did something wrong in a criminal manner yet refuse to consider my EDR Grievance in its entirety which requested certain evidentiary documents and video tapes of the incident that would prove my innocence. I requested evidence consistent with EDR Policy and the Freedom of Information Act and was denied so as to skew the outcome of the criminal case in DJJ favor. Fact: Plaintiff was not acquitted, or the case dismissed before trial (giving the appearance that the prosecution decided not to move forward in bringing this matter to a trial) as Defendants claims. Fact: The Plaintiff went to trial and against the prosecution reluctance and my insistence the case was dismissed by a Judge. Fact: The Department of Juvenile Justice Training Administration at Cedar Lodge advised of no wrong doing by Senior Officer Joseph Boykin. Fact: Powhatan County Child Protective Services (CPS) investigation said unfounded. Plaintiff has exhausted all state remedies to resolve.

Any attempt to circumvent the following facts is in itself retaliatory.

Fact: The Defendants admitted EDR finding of Retaliation sets a troubling precedent for this department.

Fact: The Defendants admitted issuance of Group Notice discipline is an adverse employment action.

Fact: The Defendants admitted refusal to promote is a material adverse employment action.

Fact: The Defendants admitted passage of 2012 Senate Bill ---and House Bill eliminated a circuit court review of employee grievances.

Respectfully Submitted,

Plaintiff Joseph L. Boykin

*Boyk. Feb. 11. 2015*

3.

## ASSIGNMENT OF ERROR

1. Commonwealth of Virginia Department of Employment Dispute Resolution (EDR) erred by not allowing the gathering of documents and evidence consistent with EDR Policy … in preparation for a fact finding hearing.
    - Hearing Officer is the sole fact finder
    - Plaintiff filed an EDR Grievance requesting evidence and a fact finding hearing
    - Plaintiff spoke in person directly to new EDR Director Chris Garb and advised that DJJ and Beaumont were out of compliance with forwarding requested evidence detailed in my grievance.
2. Commonwealth of Virginia Office of the Attorney General, Department of Juvenile Justice and Beaumont Juvenile Correctional Center erred by not forwarding requested Brady Disclosure evidence to warrant an arrest.
    - Plaintiff submitted request for Brady Disclosure as consistent with the rights of the criminally accused to each individual.

## QUESTIONS PRESENTED

1. Did EDR err by not allowing the gathering of evidence consistent with state policy?
2. Did EDR err by not allowing a fact finding hearing into a grieved incident?
3. Did DJJ and Beaumont JCC err by not forwarding evidence consistent with requested Brady Discloser in criminal matter?
4. Did DJJ and Beaumont JCC err by not complying with EDR Grievance Manual Policy to forward evidence?
5. Did the Attorney General Office deny a request for evidence consistent with Brady?
6. Did the DJJ and Beaumont JCC violate the Commonwealth of Virginia Record Keeping/Retention of Records Laws?
7. Was the video DJJ Investigator Tignor viewed with Officer Rogers the same video viewed by other witnesses, DJJ Agency Head, DJJ Training Department, Powhatan County Child Protective Services and Powhatan County Prosecutor?

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2015, the Plaintiff Motion Opposing Defendants Motion to Dismiss was filed and that notification to the Defendants was mailed to:

Ryan S. Hardy
Counsel for Defendants
Office of the Attorney General
900 East Main Street
Richmond, Va. 23219
Telephone (804) 786-0969

*Boyk. Feb. 11, 2015*